IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-686-D

| | |
|---|---|
| SONIA I. WRIGLESWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ERIC FANNING, Secretary, U.S. ) | |
| Department of the Army, ) | |
| ) | |
| Defendants. ) | |

On July 20, 2016, Sonia I. Wriglesworth ("Wriglesworth" or "plaintiff") filed a pro se employment discrimination complaint in this court against Eric Fanning, the Secretary of the Army ("Fanning" or "defendant") [D.E. 1]. On October 14, 2016, Wriglesworth amended her complaint [D.E. 7]. On December 12, 2016, Fanning moved to dismiss Wriglesworth's complaint for lack of subject-matter jurisdiction and failure to state a claim [D.E. 10] and filed a memorandum in support [D.E. 11]. On January 5, 2017, Wriglesworth responded in opposition [D.E. 13]. As explained below, the court grants Fanning's motion to dismiss.

I.

Wriglesworth is a former employee of the Department of the Army, Army Reserve ("the Army"). Compl. [D.E. 1] ¶ 5. On April 28, 2015, Wriglesworth filed an Equal Employment Opportunity complaint ("the fourth EEO complaint") against the Army, claiming that procedural irregularities in the Army's investigation and processing of her EEO complaints were reprisals for three previous EEO complaints. Id. ¶ 6; [D.E. 1-1]. On May 11, 2015, the Army dismissed the fourth EEO complaint. Compl. ¶ 7; [D.E. 1-2]. On June 15, 2015, Wriglesworth appealed the Army's dismissal to the Equal Employment Opportunity Commission ("EEOC"). Compl. ¶ 8;

[D.E. 1-3].

On July 27, 2015, Wriglesworth filed another EEO complaint with the Army ("the fifth EEO complaint"), claiming reprisal for the three EEO complaints mentioned in the fourth EEO complaint as well as the fourth EEO complaint itself. Am. Compl. [D.E. 7] ¶ 6; [D.E. 7-1]. On August 11, 2015, the Army dismissed the fifth EEO complaint. Am. Compl. ¶ 7; [D.E. 7-2]. On September 11, 2015, Wriglesworth appealed the Army's dismissal of the fifth EEO complaint to the EEOC. Am Compl. ¶ 8; [D.E. 7-3].

On November 3, 2015, the EEOC affirmed the Army's dismissal of the fourth EEO complaint. Compl. ¶ 11; [D.E. 1-6]. On December 7, 2015, Wriglesworth requested that the EEOC reconsider. Compl. ¶ 12; [D.E. 1-7]. On March 9, 2016, the EEOC affirmed the Army's dismissal of the fifth EEO complaint. Am Compl. ¶ 11; [D.E. 7-6]. On April 13, 2016, Wriglesworth requested that the EEOC reconsider. Am Compl. ¶ 12; [D.E. 7-7]. On April 20, 2016, the EEOC denied reconsideration of the fourth EEO complaint. Compl. ¶ 14; [D.E. 1-9]. On July 13, 2016, the EEOC denied reconsideration of the fifth EEO complaint. Am Compl. ¶ 14; [D.E. 7-9].

On July 20, 2016, Wriglesworth filed a complaint against Fanning [D.E. 1], which she amended on October 14, 2016 [D.E. 7]. Her complaint does not mention any causes of action, although it mentions both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. ("the Rehabilitation Act").

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80, 684 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausib[ility]." Iqbal, 556 U.S. at 678–79. "[N]aked assertions of wrongdoing," devoid of "factual enhancement," cannot "cross the line between possibility and plausibility of entitlement to relief." Francis, 588 F.3d at 193 (quotations omitted). A plaintiff armed with nothing more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," cannot proceed into the litigation process. Twombly, 550 U.S. at 555; see Francis, 588 F.3d at 193.

A legally sufficient complaint must meet the standards of Federal Rule of Civil Procedure 8. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) exists to ensure that defendants have adequate notice of the nature of the claims against them. See, e.g., Francis, 588 F.3d at 192.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal,

3

556 U.S. at 677–83; Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet Ltd., 591 F.3d at 255–56; Francis, 588 F.3d at 193. Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5. "The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure. See Iqbal, 556 U.S. at 678; Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Viewed together, Wriglesworth's complaint and amended complaint do not state a claim upon which relief can be granted. Wriglesworth apparently brings her claim under 42 U.S.C. § 2000e-16(c), which allows an employee who has filed an EEO complaint "if aggrieved by the final disposition of his complaint . . . [to] file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department . . . shall be the defendant." But Wriglesworth does not allege any facts beyond the procedural history of her EEO complaints, and "that the EEOC

erred by affirming the [Army's] final decision of dismissal and by denying reconsideration." Compl. ¶ 15; Am. Compl. ¶ 15. Even if Wriglesworth could bring a claim against the Army based on the EEOC's alleged errors, she has offered no evidence beyond the conclusory allegation that the EEOC erred.

"Title VII does not provide an implied cause of action permitting a plaintiff to challenge procedural deficiencies in an agency's handling of an EEO complaint. . . . [W]hen there have been procedural irregularities in [a federal employer's] handling of an employee's EEO complaint, the employee does not have a right under Title VII to file a separate procedural claim, but must seek redress for the alleged discrimination by filing a substantive claim to be adjudicated de novo in the district court." Nielsen v. Hagel, 666 F. App'x 225, 232 (4th Cir. 2016) (unpublished) (citations omitted); see Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000). If Title VII does not implicitly authorize a suit against a federal employer for its own mishandling of an EEO complaint, then Title VII does not implicitly authorize a suit against a federal employer for the EEOC's acts in mishandling an employee's complaint. Thus, the court holds that a federal employee may not sue her employer under Title VII based on the EEOC's alleged mishandling of her EEOC complaint.

To the extent Wriglesworth has attempted to bring a retaliation claim under Title VII, she has failed to state a claim upon which relief may be granted. To establish a retaliation claim, a plaintiff must prove that (1) she engaged in a protected activity under Title VII, (2) her employer took action against her that a reasonable employee would find materially adverse, and (3) her employer took the adverse action because of the protected activity. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67–70 (2006); DeMasters v. Carilion Clinic, 796 F.3d 409, 416 (4th Cir. 2015); Boyer-Libero v. Fontainbleau Corp., 786 F.3d 264, 281 (4th Cir. 2015) (en banc); Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 410 (4th Cir. 2013). The second prong requires

5

wrongful action by the employer. In her complaint, Wriglesworth does not allege any wrongful acts by her employer, the Army. Rather, Wriglesworth alleges that the "EEOC erred by affirming the [Army's] final decision of dismissal and by denying reconsideration." Compl. ¶ 15 (emphasis added). Therefore, she has failed to state a claim.

Even if the court construes Wriglesworth's request for "a trial de novo by jury in Federal District court on all issues in my discrimination complaint[s]," Compl. ¶ 16; Am. Compl. ¶ 16, as an attempt to incorporate by reference the merits of the two EEO complaints mentioned in Wriglesworth's complaint and amended complaint, Wriglesworth still has not stated a claim. In the EEO complaints Wriglesworth cites in her complaint and amended complaint, Wriglesworth alleged only procedural irregularities regarding previous EEO complaints and sought reinstatement of previous EEO complaints. [D.E. 1-1] 3–9; [D.E. 7-1] 3–10. Wriglesworth cannot maintain an action under Title VII for such procedural complaints. See, e.g., Nielsen, 666 F. App'x at 232.

To the extent Wriglesworth's complaint and amended complaint make fleeting references to the Rehabilitation Act, she has not alleged any claim under the Rehabilitation Act. See, e.g., Hooven-Lewis v. Caldera, 249 F.3d 259, 266–68 (4th Cir. 2001); 29 U.S.C. § 794(a). Thus, she fails to state a claim upon which relief can be granted.

II.

In sum, Fanning's motion to dismiss [D.E. 10] is GRANTED, and the complaint and amended complaint are DISMISSED without prejudice.

SO ORDERED. This 18 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge